E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MIRI SONG (Cal. Bar No. 291140)
Assistant United States Attorney
International Narcotics, Money
   Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2262
     Facsimile: (213) 894-0142
     E-mail:    miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-564-MWF-1,2,5,6 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ERICK OVED ESTRADA, ET AL., | |
| **ERICK OVED ESTRADA (#1),** | **CURRENT TRIAL DATE:** 1/16/2024<br>**PROPOSED TRIAL DATE:** 11/12/2024 |
| **ARIAN ALANI (#2),** | |
| **CASEYA CHANEL BROWN (#5),** and | **CURRENT SC DATE:** 12/4/2023<br>**PROPOSED SC DATE:** 10/7/2024 |
| **ZOILA MICHELLE ESTRADA (#6),** | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MiRi Song, and defendants Erick Oved Estrada (#1) ("E. ESTRADA"), Arian Alani (#2) ("ALANI"), Caseya Chanel Brown (#5) ("BROWN"), and Zoila Michelle Estrada (#6) ("Z. ESTRADA"), (collectively, "defendants"), both

individually and by and through their respective counsel of record, Andy Beltran and John F. Kelly; Deputy Federal Public Defender Shannon M. Coit; Robert M. Helfend; and Carlos L. Juárez, (collectively, the "parties"), hereby stipulate as follows:

1. The Indictment in this case was filed on November 15, 2023. Defendants E. ESTRADA, ALANI, Gilberto Marquez (#4) ("MARQUEZ"), and Z. ESTRADA first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendants E. ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA on or before January 31, 2024.

2. Defendant BROWN was a fugitive until she self-surrendered on December 1, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant BROWN on or before February 9, 2024.

3. Defendant Tomas Marquez-Ruiz (#3) ("MARQUEZ-RUIZ") was a fugitive until he was apprehended and first appeared before a judicial officer of the court in which charges in this case were pending on December 19, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant MARQUEZ-RUIZ on or before February 27, 2024

4. On November 22, 2023, the Court set a trial date of January 16, 2024 and a status conference date of December 4, 2023 as to defendants E. ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA.

5. On December 1, 2023, the Court set a trial date of January 23, 2024 and a status conference date of December 11, 2023 as to defendant BROWN.

//

6. On December 19, 2023, the Court set a trial date of February 13, 2024 and a status conference date of January 8, 2024 as to defendant MARQUEZ-RUIZ.

7. Defendants E. ESTRADA, ALANI, and MARQUEZ are currently detained. Defendants BROWN and Z. ESTRADA were granted bail. Defendant MARQUEZ-RUIZ is under home confinement. The parties estimate that the trial in this matter will last approximately fourteen days. All defendants are joined for trial and a severance has not been granted.

8. By this stipulation, defendants move to continue the trial date to November 12, 2024 and the status conference date to October 7, 2024. This is the first request for a continuance.

9. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with violation(s) of 21 U.S.C. §§ 846, 841(a)(1) (Distribution of Controlled Substances and Conspiracy) and/or 18 U.S.C. § 1957 (Transactional Money Laundering). The government has produced discovery to the defense, including laboratory reports, reports of investigations, photographs, audio and video recordings, transcripts, police reports, and investigative process applications and returns. There is additional discovery that is outstanding and that requires a protective order, which the parties are in the process of applying for with this Court.

    b. Defense counsel for defendant E. ESTRADA provides the following conflicts: (1) United States v. Balderas, case no. 23-mj-4191-BLM, identity and removal hearing on January 4, 2024; (2) People v. Cabrera, case no. CN449139, pretrial on January 5, 2024;

3

(3) United States v. Enriquez, case no. 23-CR-1495-BAS, hearing on January 8, 2024; (4) United States v. Villa, case no. 23-CR-2395-LAB, supervised release hearing on January 11, 2024; (5) United States v. Acevedo, case no. 23-CR-01814-CAB, motion hearing set for January 12, 2024; (6) People v. Moreno, case no. CD299974, sentencing on January 16, 2024; (7) People v. Ballesteros, case no. 23NF0257, pretrial conference on January 17, 2024; (8) People v. Cabrera, case no. CN449139, hearing on January 18, 2024; (9) United States v. Chavez, case no. 23-CR-1698-JLS, sentencing on January 24, 2024; (10) People v. Perez, case no. CD300197, hearing on January 31, 2024; (11) People v. Martinez, case no. GA115559, hearing on February 8, 2024; (12) United States v. Gutierrez, case no. 23-CR-1291-MH, hearing on February 12, 2024; and (13) United States v. Zapata, case no. 23-CR-1358-JO, sentencing on February 26, 2024. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.    Defense counsel for defendant ALANI provides the following conflicts: (1) United States v. Palone, case no. 23-cr-467, December 19, 2023, single-defendant, wire fraud case, estimated trial length: two days; (2) United States v. Santacruz, case no. 23-cr-49, January 9, 2024, single-defendant, mail theft case, estimated trial length: three days; (3) United States v. Garcia Solis, case no. 23-cr-242, January 9, 2024, single-defendant, identity fraud case, estimated trial length: four days; (4) United States v. Bedard, case no. 23-cr-427, February 13, 2024, multi-defendant, gun case, estimated trial length: one week; (5) United States v. Chavez, case no. 23-cr-67, March 19, 2024, single-defendant, gun case, estimated trial length: two weeks; (6) United States v. Guerra, case no. 23-cr-

260, April 2, 2024, multi-defendant, gun case, estimated trial length: four days; (7) United States v. Naeem, case no. 23-PO-00158-MAA, May 2, 2024, single-defendant, misdemeanor, estimated trial length: two days; (8) United States v. Malcolm, case no. 23-cr-88, June 4, 2024, single-defendant, gun case, estimated trial length: three days; and (9) United States v. Diamantides-Abel, case no. 23-cr-461, December 10, 2024, multi-defendant, campaign fraud, estimated trial length: two weeks.. Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

        d.    Defense counsel for defendant BROWN provides the following conflicts: (1) People v. Jonathan Parker, case no. YA103780, 187, jury trial scheduled for January 13, 2024; (2) People v. Jaime Torres, case no. 2020033595, 288, jury trial scheduled for January 18, 2024; (3) United States v. Clutario, case no. 2:23-cr-00239-MWF, jury trial scheduled for January 23, 2024; (4) People v. Anthony Quiroz, case no. BA479328, 187, jury trial scheduled for January 27, 2024; (5) People v. Anthony Quiroz, case no. BA485238, 187, jury trial scheduled for February 7, 2024; (6) United States v. Gabriel Murga Bucio, case no. 2:23-cr-00125-MEMF, jury trial currently set for February 16, 2024; (7) United States v. Gabriel Murga Bucio, case no. 2:23-cr-00125-MEMF-2, jury trial scheduled February 26, 2024; and (8) United States v. Emiliya Radford, case no. 5:23-cr-00038-MTT (Middle District of Georgia), jury trial scheduled for June 24, 2024. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare and will not be available to try this case on the current trial date.

//

   e. Defense counsel for defendant Z. ESTRADA provides the following conflicts: (1) United States v. Keichour, case no. 20-cr-00171-JVS, drugs/guns conspiracy jury trial set for January 30, 2024 and estimated to last 1-2 weeks depending on number of co-defendants (no further continuances anticipated); (2) United States v. Pelayo, case no. 22-cr-00238-SSS-2, trial set for March 24, 2024 and estimated to last 6-8 days; (3) United States v. Rosales-Arias, case no. 19-cr-00117-ODW, MS-13 multi-murder jury trial set for March 28, 2024 and estimated to last 3-4 weeks (no further continuances anticipated); (4) United States v. Aguirre, case no. 21-cr.00383-GW-1, jury trial set for April 2, 2024 and estimated to last 4 days; (5) United States v. Bazan, case no. 20-CR-0019-CJC-1, multi-defendant drug conspiracy jury trial set for July 23, 2024; and (6) United States v Sanchez, case no. 23-CR-00180-FMO-1, fentanyl death jury trial set for July 30. 2024.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   f. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

    g. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

    h. The government does not object to the continuance.

    i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  10. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of January 16, 2024 to November 12, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  11. Defendant MARQUEZ, by and through his counsel, stated that he would like to join this stipulation to continue the trial date but has not provided the necessary information to join this stipulation. Nonetheless, the stipulating parties agree that, pursuant to 18

7

U.S.C. § 3161(h)(6), the time period of January 16, 2024 to November 12, 2024, inclusive, constitutes a reasonable period of delay for defendants MARQUEZ and MARQUEZ-RUIZ, who are joined for trial with co-defendants, as to whom the time for trial has not run and no motion for severance has been granted.

12.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 19, 2023              Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


    /s/ MiRi Song
MIRI SONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1  I am ERICK OVED ESTRADA's attorney. I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client. I have fully informed my client of his Speedy Trial
4  rights. To my knowledge, my client understands those rights and
5  agrees to waive them. I believe that my client's decision to give up
6  the right to be brought to trial earlier than November 12, 2024 is an
7  informed and voluntary one.

*/s/ with email authorization on 1/8/24*  1/8/24
ANDY BELTRAN                              Date
JOHN F. KELLY
Attorneys for Defendant
ERICK OVED ESTRADA (#1)

I have read this stipulation and have carefully discussed it
with my attorney. I understand my Speedy Trial rights. I
voluntarily agree to the continuance of the trial date, and give up
my right to be ~~brought~~ to trial earlier than November 12, 2024.

_____  Date 1/5/24
ERICK OVED ESTRADA
Defendant

9

I am ARIAN ALANI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 12, 2024 is an informed and voluntary one.

_____  1/5/24
SHANNON D. COIT                  Date
Deputy Federal Public Defender
Attorney for Defendant
ARIAN ALANI (#2)

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 12, 2024.

_____  1/5/2024
ARIAN ALANI                      Date
Defendant

10

I am CASEYA CHANEL BROWN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 12, 2024 is an informed and voluntary one.

_____   1-7-24
ROBERT M. HELFEND                Date
Attorney for Defendant
CASEYA CHANEL BROWN (#5)

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 12, 2024. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 12, 2024 at 8:30 a.m.

_____   1/7/24
CASEYA CHANEL BROWN              Date
Defendant

11

I am ZOILA MICHELLE ESTRADA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 12, 2024 is an informed and voluntary one.

_____   12/28/2023
CARLOS L. JUAREZ            Date
Attorney for Defendant
ZOILA MICHELLE ESTRADA (#6)

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 12, 2024. I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 12, 2024 at 8:30 a.m.

_____   12/28/23
ZOILA MICHELLE ESTRADA      Date
Defendant